# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JAY SANDON COOPER | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-582 |
| | § | Judge Mazzant |
| JANNA L. COUNTRYMAN, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Appellant Jay Cooper's Motion to Proceed In Forma Pauperis (Dkt. #36). After considering the motion, the Court finds it should be denied.

## BACKGROUND

Appellant, Jay Sandon Cooper, filed this motion to proceed in forma pauperis. On October 21, 2014, the Bankruptcy Court denied Appellant's motion (Dkt. #27) finding that Appellant's bankruptcy appeal lacked a good faith basis and that Plaintiff did not meet the financial requirements for the appeal. On November 21, 2014, Appellant filed the instant motion.

## ANALYSIS

An appeal from a final order of a bankruptcy court is taken in the same manner as appeals from federal district courts. *See* 28 U.S.C. § 158(c)(2). The standards governing in forma pauperis motions are set forth in 28 U.S.C. § 1915(a). The Court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or giver security therefor." 28 U.S.C. § 1915(a)(1). The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The statute also authorizes courts to dismiss an in

forma pauperis action if the allegation of poverty is untrue or if the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Appellant appears in this Court pro se. Appellant's affidavit indicates that neither he nor his spouse are currently employed, and his last date of employment was approximately July of 2011 (Dkt. #36, Ex. A). Appellant does receive approximately $2,588.00 a month from a pension. *Id*. Appellant claims he has $2,161.00 in monthly expenses; however, this amount includes $790.00 in utilities (electricity, heating fuel, water, sewer, and phone), which Appellant states he has not had water or gas in his home since 2008. *Id*. In addition, Appellant notes that his house has been sold in foreclosure, yet he includes an amount of $200.00 in "homeowner's or renter's insurance." *Id*. Appellant also includes variable legal expenses for online research and postage. Regardless, Appellant's monthly income is $2,588.00, and his expenses are $2,161.00, leaving $427.00 a month. The specific fees and costs at issue total only $298.00. *See* 28 U.S.C. § 1930 (Judicial Conference Schedule of Fees, effective December 1, 2014); *see also* 28 U.S.C. § 1930(c) (adding a $5 fee to the filing of a notice of appeal). The Appellant's affidavit in support of his in forma pauperis request, even accepted at face value, appears to show that he has the funds to pay these costs. *See Prows*, 842 F.2d at 140 ("Section 1915 is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs."). Accordingly, the Court finds Appellant's motion to proceed in forma pauperis should be denied.

## CONCLUSION

Based on the foregoing, the Court finds that Appellant Jay Cooper's Motion to Proceed In Forma Pauperis (Dkt. #36) is hereby **DENIED**.

Appellant is **ORDERED** to pay the filing fee no later than June 25, 2015. If Appellant fails to pay the filing fee by that date, then the appeal will be dismissed with prejudice.

**SIGNED this 10th day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE